IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SEAN COLLINS, | ) | |
| Petitioner, | ) | 4:18CV3067 |
| v. | ) | |
| SCOTT FRAKES, Director, and ROBERT MADSEN, Warden, | ) | MEMORANDUM AND ORDER |
| Respondents. | ) | |

Mr. Collins, an inmate in the custody of the State of Nebraska, apparently housed in protective custody at the Nebraska State Penitentiary, has brought a habeas corpus action. After initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, I will dismiss the action without prejudice.

Collins states his claims this way:

No safe access to medical. No hot food. Negligence. Violating inmate rights. No clean clothes. 72 hours without showers some days. Denied to speak with authority. Doesn't house Protective Custody inmates. Doesn't comply with rules and regulations. Allows contact in NO CONTACT restrictive housing. Gives out personal info of inmates charges, mail, numbers. No access to law library or religious programming. Abuse of diagnosing treatment/programming.

(Filing no. 1 at CM/ECF p. 2.)

For relief, he asks for money, return of property, parole or transfer to another facility. *Id*. In legal terms, it also appears he is requesting an injunction requiring affirmative action on the part of Respondents.

These are plainly "conditions of confinement" claims that are not properly brought as habeas corpus claims. That is:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500(1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

*Muhammad v. Close*, 540 U.S. 749, 750 (2004).

Because it "plainly appears from the petition . . . that [Collins] is not entitled to relief" pursuant to Rule 4 of the *Rules Governing Habeas Corpus Cases*, I will dismiss this action without prejudice to reassertion in an action brought pursuant to 42 U.S.C. § 1983.

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that:

1. The habeas corpus petition (filing no. 1) is dismissed without prejudice and particularly without prejudice to reassertion in an action brought pursuant to 42 U.S.C. § 1983.

2. The Clerk shall mail a copy of Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner) and a copy of AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) to Mr. Collins.

3. Judgment will be entered by separate order.

4. No certificate of appealability has been or will be issued.

DATED this 24th day of May, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge